# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3197-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY WILSON,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided October 4, 2018

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 78-07-0990.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the brief).

Damon G. Tyner, Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his post-conviction relief (PCR) petition without an evidentiary hearing. He was sentenced on June 17, 1980 following his jury-trial convictions for Title 2A crimes of: rape, N.J.S.A. 2A:138-1 (count fourteen); lewdness, N.J.S.A. 2A:115-1 (count twelve); and assault with intent to rape, N.J.S.A. 2A:90-2 (count thirteen), and received a prison term of not less than seven but not more than ten years on count fourteen.[1] Defendant avers a prior appeal was filed on July 25, 1982 but that there is no record of a decision.[2] Following defendant's move to California after his release from prison, and his discovery that he was subject to the registration requirements of the Sex Offender Registration Act,[3] California's version of Megan's Law, N.J.S.A. 2C:7-1 to 7-23, he filed a PCR – as the trial court found – on April 29, 2015.[4] Defendant argues:

---

[1] The lewdness and assault counts merged with the rape charge.

[2] The State, however, included in its appendix a copy of our decision in State v. Jasper, No. A-4447-79, State v. Wilson, No. A-4635-79 (consolidated) (App. Div. July 14, 1982).

[3] Cal. Penal Code §§ 290 to 290.024.

[4] A stamped-filed date does not appear on the pertinent record-documents. As the State points out in its merits brief, defendant's certification in support of his PCR petition is dated February 5, 2016, handwritten next to defendant's signature.

POINT I

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY DEFENSE COUNSEL'S INADEQUATE REPRESENTATION DURING TRIAL PROCEEDINGS.

(A)   DEFENDANT PRESENTED A SUFFICIENT SHOWING TO MEET THE FIRST PRONG OF THE STRICKLAND-FRITZ STANDARD.

(B)   DEFENDANT PRESENTED A SUFFICIENT SHOWING TO MEET THE SECOND PRONG OF THE STRICKLAND-FRITZ STANDARD.

POINT II

THE PCR COURT SHOULD HAVE GRANTED DEFENDANT AN EVIDENTIARY HEARING AS THERE WERE DISPUTED ISSUES OF FACT AND THE LAPSE OF TIME SINCE DEFENDANT'S TRIAL WOULD ACCRUE TO THE BENEFIT OF THE STATE MORE THAN TO DEFENDANT.

POINT III

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT IV

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT''S PETITION WAS NOT BARRED AS UNTIMELY BY R. 3:22-12(a) AS DEFENDANT

A-3197-16T2

COULD NOT HAVE FORESEEN THAT HE WOULD
BECOME SUBJECT TO REGISTRATION AS A SEX
OFFENDER MORE THAN THIRTY YEARS AFTER
HIS CONVICTION.

We affirm, concluding defendant's petition is time-barred, and that he failed to establish both a prima facie case of ineffective assistance of counsel to warrant an evidentiary hearing, and the ineffectiveness of either his trial or appellate counsel.

Absent an evidentiary hearing, our review of the factual inferences drawn by the PCR court from the record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

Defendant argues his petition is not time-barred because he "was unaware that his conviction in 1980 might become a basis for subjecting him to the requirements of California's Megan's Law until shortly before he filed his petition." He contends at the time of his conviction, "registration as a sex offender was not part of [his] sentence and he could not reasonabl[]y have foreseen that it would become part of his sentence more than thirty years later. Under these circumstances, the interests of justice warrant a relaxation of the time limits of R[ule] 3:22-12(a)."

We reject that basis as a reason to relax the strictures of <u>Rule</u> 3:22-12(a)(1) which, provide in pertinent part:

> no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to <u>Rule</u> 3:21-5 of the judgment of conviction that is being challenged unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

"[A] court should relax <u>Rule</u> 3:22-12's bar only under exceptional circumstances.  The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  <u>State v. Mitchell</u>, 126 N.J. 565, 580 (1992).

Defendant's unfamiliarity with the Megan's Law registration requirements does not constitute excusable neglect.  "Ignorance of the law and rules of court does not qualify as excusable neglect."  <u>State v. Merola</u>, 365 N.J. Super. 203, 218 (Law Div. 2002), <u>aff'd o.b.</u>, 365 N.J. Super. 82 (App. Div. 2003).  Similarly, a defendant's "lack[] [of] sophistication in the law" is not excusable neglect. <u>State v. Murray</u>, 162 N.J. 240, 246 (2000).

A-3197-16T2

Further, California enacted its version of Megan's Law in 1996, effectively putting defendant on notice of its requirements. Even if defendant's failure to file within five years of that date is deemed excusable, his failure to file within the prescribed time from his August 2007 arrest in California for failing to register is not, inasmuch as defendant had actual notice of the registration requirements following his arrest.

Moreover, despite defendant's statement that he had no reason to contest his conviction until he became aware of the registration requirements, the PCR grounds he advanced existed well before his enlightenment. His ineffective assistance of trial counsel arguments were spawned prior to sentencing; and his ineffective assistance of appellate counsel arguments, after our July 1982 decision at the latest. Nothing prevented defendant from timely advancing those arguments – unrelated to Megan's Law.

We also conclude defendant's significant filing delay would obviously prejudice the State if it was required to reconstruct these matters for trial. Our Supreme Court recognized the "good reasons" underlying the time bar:

> As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost

> or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [Mitchell, 126 N.J. at 575-76.]

As the PCR judge found, the impact of the decades-long passage of time is profound. The death of defendant's trial counsel eliminated a source of evidence as to counsel's actions during the proceedings against defendant, and counsel's reasons for any of his actions, whether they be trial strategy or ineffective representation. The availability of witnesses and their ability to recollect events that occurred in June 1979 also become issues; as does the related concern about prejudice to the State's ability to meet its burden in light of the probable challenge at a present-day trial to its witnesses' ability to remember.

Defendant's attempt to analogize our holding in State v. Maldon, 422 N.J. Super. 475 (App. Div. 2011) is unavailing. There the defendant contended his trial counsel's failure to accurately explain a consequence of his guilty plea – the possibility of civil commitment as a sexually violent predator – amounted to ineffective assistance of counsel. Id. at 481. We concluded that the defendant could not have filed a PCR petition because he did not know he could be civilly

A-3197-16T2

committed until the State moved for commitment. Id. at 482. Unlike here, the PCR issue directly related to the reason for that defendant's untimely filing. Ibid.

The balance of defendant's arguments related to the time bar, including his reliance on our decisions in State v. J.J.,[5] and State v. Jamgochian,[6] are without sufficient merit to warrant discussion. R. 2:11-3(e). Defendant's petition is time barred.

Even considering the substantive merits of defendant's petition, we are unpersuaded that either his trial counsel or appellate counsel was ineffective, or that the judge erred by denying his request for an evidentiary hearing. To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Strickland, 466 U.S. at 687; then by proving he suffered prejudice due to counsel's deficient performance, id. at 691-92. Defendant must show by a

---

[5] 397 N.J. Super. 91 (App. Div. 2007).

[6] 363 N.J. Super. 222 (App. Div. 2003).

"reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

Defendant claims a series of events demonstrate his trial counsel's ineffectiveness. He first met his trial counsel – retained by his cousin – while entering the courthouse. Counsel advised him he had already negotiated a plea agreement with the State that would require him to testify against his co-defendant. Because defendant had no prior plea discussions with counsel, he rejected the offer, advancing that the offer would have required him to testify falsely, and that he "feared the repercussions that would occur to him for cooperating with the police." The rejection of the plea offer, defendant continues, negatively impacted counsel's "motivation to provide a vigorous defense," contending counsel did not: meet or communicate with him; "discuss any of the facts of the case" with him; review discovery with him; or prepare him to testify at trial.

A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel," State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's general allegations of counsel's failures do not establish a prima facie case of counsel's

ineffectiveness. Further, defendant failed to meet the second Strickland-Fritz prong by establishing prejudice engendered by counsel's alleged failures. He did not demonstrate how counsel's failure to discuss the case or review discovery impacted the trial. Nor did he tell how counsel's failure to prepare him for trial negatively affected his testimony. Defendant's additional assertions, that counsel failed to investigate and present any evidence other than defendant's testimony, are likewise bald-faced and devoid of any details of what counsel failed to investigate and what other evidence should have been presented.

We agree with the PCR judge that the record belies defendant's contention that counsel was not fully engaged during trial. Defendant cites eight portions of the trial transcript as examples of the weakness of the State's case. Ironically, in six of those instances defendant's counsel's cross-examination of the victim elicited the damaging information cited by defendant. Our thorough review of the record reveals trial counsel was prepared, engaged and highly effective. As conceded by defendant in his merits brief, he was acquitted on five counts, a result attributable to counsel's advocacy.

We find no merit in defendant's contention that counsel "disappeared" during proceedings. During one pretrial hearing, prompted by a question from defense counsel, the State's witness who introduced the tapes of defendant's

statements admitted that a tape malfunction required the use of a second tape that the prosecutor had to retrieve. When the prosecutor returned with the second tape, and wished to resume his questioning, the court noted defendant's counsel had not yet returned. In the time the prosecutor took to say, "Oh," and the time co-defendant's counsel took to request a proffer, the prosecutor acknowledged counsel's return. Counsel did not disappear; he left during a break. Moreover, he did not miss any of the proceedings.

Counsel also left during the testimony of a witness called by co-defendant's counsel outside of the jury's presence. That testimony, as acknowledged by co-defendant's counsel, did not pertain to defendant's case but to alleged pressure placed on the co-defendant – who was about to testify before the jury that day – by a witness's presence in the courtroom. Defendant's counsel's absence had no impact whatsoever on his representation of defendant.

During the third "disappearance" defendant alleges, defense counsel had already made a lengthy argument in support of defendant's motion for a new trial and a lengthy sentencing argument. Apparently, counsel left after defendant had already been sentenced. Sentencing proceedings against his co-defendant followed. After that proceeding concluded, defendant, who was obviously held in court after the conclusion of his sentencing, questioned the

A-3197-16T2

court about bail. Defendant's sua sponte address was not made during a continuing court proceeding. There was no reason to expect trial counsel's presence.

As it concerns his trial counsel's representation, defendant has failed to meet both prongs of the Strickland-Fritz standard. We also determine, based on our review of the record, the PCR judge correctly denied an evidentiary hearing because defendant did not establish a prima facie case in support of his PCR application by demonstrating "the reasonable likelihood of succeeding" under the Strickland test. State v. Preciose, 129 N.J. 451, 463 (1992); R. 3:22-10(b).

Defendant does not clearly indicate if trial counsel who filed the initial notice of appeal, or appellate counsel from the Office of the Public Defender who represented defendant on his initial appeal, was ineffective. He argues his appellate counsel – one or the other – failed to appeal the trial court's admission of defendant's tape-recorded statement to law enforcement authorities at trial.

After a lengthy Miranda[7] hearing – jointly addressing both defendants' motions to suppress their separate statements – during which five witnesses, including defendant, testified, defendant's trial counsel argued defendant's statement should be suppressed because he was in custody, and repeatedly

---

[7]  Miranda v. Arizona, 384 U.S. 436 (1966).

asserted that he did not wish to make a statement and wanted an attorney present if he said anything. Counsel also argued, despite the State's entry into evidence of a consent to questioning form and a Miranda-rights waiver form, both signed by defendant, coercive police practices negated the voluntariness of defendant's statement. Co-defendant's counsel also argued against the admission of his client's statement. The trial court denied both defendants' motions, crediting both defendants' acknowledgments that their statements were voluntary. The court found the defendants: were not under arrest but "were free to terminate the questioning and to leave at any time they chose"; understood and waived the Miranda rights of which they were informed by police; and gave voluntary statements.

We affirmed the trial court's denial of co-defendant's motion, determining its "findings were supported by ample credible evidence." Wilson, slip op. at 4 (citing State v. Johnson, 42 N.J. 146, 162 (1964)). Likewise, we determine the judge's findings regarding defendant's motion were supported by the testimonial and documentary evidence presented at the Miranda hearing. There is no reason to disturb those findings on appeal. State v. Elders, 192 N.J. 224, 243-44 (2007).

As such, defendant failed to establish appellate counsel was ineffective for failing to challenge the admission of his statement on appeal. Defendant has

not shown a "reasonable probability" that the alleged deficient performance affected the outcome.  <u>Fritz</u>, 105 N.J. at 58.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3197-16T2