**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5690-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

QUASHON MAYFIELD,
a/k/a QUA-QUA,

    Defendant-Appellant.

_____

Submitted October 3, 2019 — Decided October 22, 2019

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 11-08-0716.

Joseph E. Krakora, Public Defender, attorney for appellant (John Vincent Molitor, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Robert John Wisse, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Quashon Mayfield appeals from a July 23, 2018 order denying his petition for post-conviction relief (PCR). We affirm.

Defendant committed the underlying offenses when he was sixteen-years-old. He was waived to adult criminal court and ultimately entered into a negotiated plea to one count of first-degree attempted murder, N.J.S.A. 2C:5-1, and one count of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). The State agreed to dismiss the remaining two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and one count of second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). Defendant was sentenced to seventeen years imprisonment, subject to the No Early Release Act (NERA) on the attempted murder count, and a concurrent term of seven years with three years of parole ineligibility on the unlawful handgun possession count.

During his plea hearing, defendant testified he entered into the plea freely and voluntarily, no one coerced him into the plea, and he was satisfied with his attorney's representation. Defendant confirmed his attorney answered all of his questions; met with him; and reviewed the indictment, police reports, discovery, and grand jury transcript.

A-5690-17T4

Defendant testified he attempted to murder the victim on October 22, 2010, by brandishing a .380 caliber pistol, chasing the unarmed victim, and shooting him in the back from a few feet away. Defendant testified he purposely shot the victim with the purpose to kill him. Following the shooting, defendant admitted he stood over the victim as he laid on the ground, and that a security video captured the entire incident. Notably, when the prosecutor tried to elicit testimony from defendant that he stood over the victim attempting to reload the gun, defendant corrected the prosecutor stating: "Not reload. Stood over him. Yes." When the prosecutor asked "Well, were you trying to shoot [the victim] again?" Defendant flatly stated: "No." The prosecutor then stopped questioning defendant.

At sentencing, defendant offered a brief apology to the victim's family. His mother testified defendant was a good student, but she learned after the incident that he had been bullied. Defendant's counsel sought a more lenient sentence of fourteen or fifteen years imprisonment, subject to NERA. The prosecutor argued the severity of the crime and defendant's extensive juvenile history warranted adherence to the seventeen-year sentence in the negotiated plea. The prosecutor noted the sixteen-year-old victim was permanently

paralyzed from the waist down and cited the victim impact statement from his mother, which described how her son's paralysis changed her life, and his.

Addressing the aggravating and mitigating factors, the judge noted "there was nothing about . . . defendant's expression of remorse which had the feel of sincerity. Even the very fact that his remarks were so brief and reflected no particular insight in no way persuades the [c]ourt that he is remorseful in the slightest." The judge discounted defendant's juvenile offenses, but found the five violation of probation offenses contradicted his mother's claim defendant was on the "right path." The judge concluded aggravating factors two, three, and nine applied and outweighed the absence of any mitigating factors. After announcing the sentence and dismissing the remaining two counts, the judge expressly advised defendant regarding his right to appeal and the five-year time limitation to file a PCR petition.

Defendant did not appeal. Instead, he filed a PCR petition nearly six years after his conviction. The petition alleged his plea counsel forced him to plead guilty, and due to his young age, mental health issues, and lack of knowledge of the law, he was unaware of the five-year time limit to file a petition. He argued these circumstances constituted excusable neglect to overcome the time bar. For the first time, defendant also claimed the gun accidentally discharged.

A-5690-17T4

Following oral argument, the PCR judge, who had also served as the judge during defendant's plea and sentence, denied the petition without a hearing. He found "no evidence of any mental health deficiencies" to support the argument his mental health issues impaired him, and was thus unaware of the time bar. The judge noted defendant was treated and "at the time of his sentencing he was no longer medicated according to the PSI [presentence investigation] report." The judge found defendant's youth and ignorance of the law did not constitute grounds for excusable neglect.

Notwithstanding, the judge addressed the merits of defendant's petition. The judge found no evidence defendant wanted to proceed to a trial. He noted the plea was negotiated, and if defendant was convicted, he faced a thirty-year sentence. The judge concluded defense counsel advising defendant of the thirty-year exposure was not evidence of coercion, but instead "merely defense counsel doing his job pointing out the risk of exposure, pointing out the strengths and weaknesses of the State's case."

The judge also noted the incident was captured on video, and defendant admitted he chased an unarmed victim, who was trying to escape him. The judge stated "[defendant] acknowledge[d] that he had taken the trouble to go find the gun and use it when he encountered [the victim]." The judge recounted the

shooting took place from a short distance and defendant "stood over the victim thereafter, which one could only infer he was either glowering or verifying that he had succeeded in hitting the victim and that's why he'd fallen."

The judge concluded "there's nothing factually which would make the plea appear to be inadvisable." The judge found defendant had no colorable claim of innocence because he admitted it was his purpose to shoot at, and kill, the victim. The judge found no evidence to support defendant's claim the gun accidentally discharged and concluded it was "a self-serving attempt at rewriting the facts[.]" The judge also noted defendant did not testify he had been bullied.

Defendant raises the following points on appeal:

> POINT I – THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO ENFORCE THE FIVE-YEAR TIME BAR.
>
> POINT II – THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.

I.

Where, as here, a PCR judge does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)

(quoting State v. Harris, 181 N.J. 391, 421 (2004)).  The record here establishes defendant's PCR petition is time-barred and lacks substantive merit.

A.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice[.]"  R. 3:22-12(a)(1)(A).  Our Supreme Court has stated "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'"  State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).  We have held that when a first PCR petition is filed more than five years after the judgment of conviction, the PCR court should examine the timeliness of the petition, and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction.  State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR

petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant]'s claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant's judgment of conviction was entered on February 7, 2012. Under Rule 3:22-12(a)(1), he had until February 7, 2017, to file his PCR petition. However, defendant filed his PCR petition on January 9, 2018, less than one month short of one year beyond the five-year time limit. Defendant argues there was excusable neglect for the late petition based on his youth, mental health issues, and ignorance of law governing the time for filing a PCR petition. We are unpersuaded by any of these arguments.

The record does not demonstrate defendant's youthfulness was a factor impacting his awareness of the deadline to file a PCR petition. Not only did the judge expressly advise defendant of the five-year time limit during the sentencing, nothing in the record of either the plea or the sentence shows defendant lacked the capacity to understand the proceedings on account of his age. Indeed, the transcript of the plea demonstrates defendant understood the proceedings, responded to all questions, and followed closely enough to refuse

to concede he stood over the victim for purposes of reloading his weapon. No objective evidence was adduced either at the plea or sentencing phases, or in the PCR petition to support the claim defendant's mental health impacted his ability to understand there was a time bar on the PCR petition. Furthermore, "[i]gnorance of the law and rules of court does not qualify as excusable neglect [under Rule 3:22-12(a)(1)(A)]." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd, 365 N.J. Super. 82 (App. Div. 2003).

B.

Defendant is unable to show enforcement of the time bar would result in a reasonable probability of fundamental injustice, as he did not demonstrate a prima facie case of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for

9

counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, a defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

We disagree defense counsel was ineffective. As the judge noted, defense counsel "fought vigorously for [defendant], repeatedly engaged the court and the prosecutor in efforts to lower the sentence." Our review of the plea proceedings supports the judge's findings. During his plea, defendant confirmed he was satisfied with defense counsel with whom he had met and reviewed the discovery, and who answered defendant's questions before defendant entered into the plea. Counsel secured a sentence that was thirteen years less than the maximum defendant faced if he proceeded to trial. The substantial video evidence against defendant underscored the real possibility defendant would be convicted in a jury trial, and outweighed his belated and bald assertion the gun accidentally discharged.

## C.

Finally, we reject defendant's claim the PCR court erred in not conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a PCR petition only when he or she establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record[.]" State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). The record in this case demonstrated there was no prima facie case of ineffective assistance of counsel and, therefore, an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5690-17T4