838 A.2d 470

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. THOMAS MEROLA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 13, 2003—Decided December 9, 2003.

Before Judges CUFF, WINKELSTEIN and LARIO.

*Thomas Merola,* appellant pro se.

*Paula T. Dow,* Acting Essex County Prosecutor, attorney for respondent (*Kenneth P. Ply,* Special Deputy Attorney General, of counsel and on the brief).

PER CURIAM.

Defendant appeals from the denial of his second petition for post-conviction relief. He is serving a thirty-year term for murder, armed robbery and aggravated assault. We affirm.

In this second petition for post-conviction relief,[1] defendant contends that during his 1984 trial, the trial judge erred when he failed to instruct the jury on the issue of causation consistent with *N.J.S.A.* 2C:2–3b and erred when he instructed the jury on the defense of misadventure. He also argues that he was deprived of his constitutional right to effective assistance of counsel when trial counsel did not request the causation charge and failed to object to the misadventure charge. This petition was filed on May 8, 2000, more than fifteen years following entry of the judgment of conviction. Judge Peter Ryan dismissed the petition without an evidentiary hearing.

On appeal, defendant raises the following arguments:

POINT I.

THE JUDGE AT DEFENDANT'S CRIMINAL TRIAL COMMITTED PLAIN ERROR WHEN HE BOTH FAILED TO INSTRUCT DEFENDANT'S TRIAL JURY ABOUT NJS 2C:2–3b WITH RESPECT TO THE ISSUE OF CAUSATION, AND INSTEAD INSTRUCTED THE JURY ABOUT THE PREVIOUSLY REPEALED STATUTORY AFFIRMATIVE DEFENSE OF "MISADVENTURE".

POINT II.

THE COURT BELOW COMMITTED REVERSIBLE ERROR WHEN IT RULED THAT DEFENDANT'S PETITION FOR POST–CONVICTION RELIEF WAS TIME–BARRED.

A. *Defendant's Petition For Post–Conviction Relief Alleged Facts Demonstrating Excusable Neglect For Defendant's Delayed Filing Of the Petition.*

---

[1] Defendant has also filed two petitions for writ of *habeas corpus* in federal court, both of which have been denied.

B.   *The Court Below Abused Its Discretion When It Refused To Relax The Time–Bar Of R.3:22–12 Pursuant to R.1:1–2.*

POINT III.

*THE COURT BELOW COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT'S PETITION FOR POST–CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM BECAUSE, FOR THE REASONS SET FORTH IN POINTS I AND II, DEFENDANT HAD DEMONSTRATED A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS.*

Judge Ryan held that this second petition was procedurally barred because defendant filed this petition more than fifteen years after entry of the judgment of conviction and more than ten years beyond the five-year time limitation established by rule.   *R.* 3:22–12.   He also concluded that defendant failed to establish excusable neglect or exceptional circumstances such that strict adherence to the five-year time bar would result in an injustice. We agree with this analysis and affirm substantially for the reasons expressed by Judge Ryan in his March 15, 2002 opinion.

Affirmed.