**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5616-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLIE RODRIGUEZ,

    Defendant-Appellant.

_____

Submitted May 22, 2018 — Decided June 22, 2018

Before Judges Fasciale and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
04-06-0741.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kevin G. Byrnes, Designated
Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Christopher W. Hsieh,
Chief Assistant Prosecutor, of counsel and on
the brief).

PER CURIAM

Defendant appeals the denial — without an evidentiary hearing — of his petition for post-conviction relief (PCR) involving four matters on which he was sentenced[1] in October 2003, January 2005, June 2009 and October 2009,[2] arguing:

> POINT I
>
> THE FIVE-YEAR PROCEDURAL BAR FOR THE FILING OF A PETITION FOR POST-CONVICTION RELIEF (PCR) SHOULD NOT APPLY.
>
>     A.    ENFORCING THE PROCEDURAL BAR

---

[1] Defendant was sentenced pursuant to plea agreements as follows:

> 1.    A two-year probationary term in October 2003 on a fourth-degree conspiracy to distribute a controlled dangerous substance (CDS), N.J.S.A. 2C:5-2; 2C:35-5(b)(12) (03-06-0615A).
>
> 2.    A five-year probationary term in January 2005 on a third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (04-06-00741I).
>
> 3.    A five-year probationary drug-court term in July 2009 on a third-degree distribution of CDS in a school zone, N.J.S.A. 2C:35-7 (09-05-0559A).
>
> 4.    A five-year probationary drug-court term in November 2009 on a third-degree theft from the person, N.J.S.A. 2C:20-2; 2C:20-3 (09-09-1071A).

He pleaded guilty to a violation of probation in January 2014 on 09-09-1071A, and was sentenced to a three-year prison term.

[2] Although defendant was sentenced in late June 2009 and late October 2009, the judgments of conviction were not filed until July 2009 and November 2009, respectively. See State v. Dugan, 289 N.J. Super. 15, 20 (App. Div. 1996) (concluding a PCR petition "must be filed within five years of entry of the judgment memorializing the conviction"); see also R. 3:22-12; R. 3:21-5.

A-5616-16T3

CONSTITUTES A MANIFEST INJUSTICE.

   B.   THE PROCEDURAL BAR SHOULD NOT APPLY
        DUE TO EXCUSABLE NEGLECT.

POINT II

THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE <u>UNITED STATES CONSTITUTION</u> AND ART. 1, PAR 10 OF THE <u>NEW JERSEY CONSTITUTION</u>.

POINT III

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

We conclude these arguments are meritless and affirm.

Absent an evidentiary hearing, our review of the factual inferences drawn by the PCR court from the record is de novo. <u>State v. Blake</u>, 444 N.J. Super. 285, 294 (App. Div.), <u>certif. denied</u>, 226 N.J. 213 (2016). Likewise, we review de novo the PCR court's legal conclusions. <u>Ibid.</u>

All of defendant's arguments center on the contention that he was never advised of what he terms "the material collateral consequences" of his plea agreements: that his New Jersey convictions could be used to enhance his sentence on federal charges on which he was arrested in May 2016.

We reject that basis as a reason to relax the strictures of <u>Rule</u> 3:22-12(a)(1) which, at the time defendant filed his petition, provided in pertinent part:

3

> no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

"[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Mitchell, 126 N.J. 565, 580 (1992).

Defendant did not file a petition because he did not know his prior convictions would enhance the sentence meted out in connection with his 2016 federal charges. "Ignorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003). Similarly, a defendant's "lack[] [of] sophistication in the law" is not excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000). Further, defendant's significant filing delay — ranging from seven to thirteen years — would obviously prejudice the State if it was required to reconstruct these matters for trial.

We also determine that the substance of defendant's claim presents no injustice to relax the Rule, and that it also fails to demonstrate that his trial counsel erred so seriously that he failed to function as a constitutionally-guaranteed counsel.[3] We

---

[3] To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness." Strickland, 466 U.S. at 688; see Fritz, 105 N.J. at 58.

> Second, a defendant "must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him "a fair trial." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52. A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding. Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52.

> [State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original).]

previously held the failure of counsel to advise a defendant "of possible or even potential enhancement consequences of future aberrant conduct is not ineffective assistance of counsel. There is no constitutional requirement for such advice. It involves only a collateral issue." State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999). Thus none of defendant's counsel were ineffective because they did not advise him he would face a greater sentence if he was later convicted in federal court. Likewise, the failure to so advise him does not implicate an injustice that would extend the five-year filing limit.

We determine the balance of defendant's arguments lack sufficient merit for discussion in this opinion. R. 2:11-3(e)(2). We add, defendant did not present a prima facie case in support of his PCR application by demonstrating a reasonable likelihood of succeeding to warrant an evidentiary hearing. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5616-16T3