**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1237-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IAN A. PERSAUD,

     Defendant-Appellant.

_____

Submitted March 17, 2021 – Decided April 20, 2021

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 93-06-0959.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel; Daniel J. Burzon, Legal Assistant, on the brief).

PER CURIAM

Defendant Ian Persaud appeals from a September 16, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We discern the following facts from the record. On March 21, 1993, defendant, a Guyanese immigrant, was arrested after police found various controlled dangerous substances (CDS) in his vehicle. On February 2, 1995, a jury convicted defendant of fourth-degree possession of CDS, N.J.S.A. 2C:35-10(a)(3); and third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(11). On March 24, 1995, defendant was sentenced to three years' probation. Defendant did not appeal his conviction or sentence.

In 1997, defendant was convicted in North Carolina of four drug-related offenses: possession with the intent to sell and deliver marijuana, manufacturing marijuana, maintaining a dwelling for the keeping of drugs, and possession of heroin. In 2002, defendant was convicted in North Carolina of conspiracy to possess with intent to distribute fifty grams or more of cocaine and cocaine base. Defendant was then sentenced to life imprisonment pursuant to 21 U.S.C. §§ 841, 851. In 2012, defendant filed a writ of habeas corpus arguing that his mandatory life sentence, based on the finding that he had two prior convictions for "felony" drug offenses, was contrary to United States v. Simmons, 649 F.3d

237, 247 (4th Cir. 2011) (en banc).  Persaud v. United States, Nos. 12-cv-509, 01-cr-36-7, 2019 U.S. Dist. LEXIS 93810, at *3 (W.D.N.C. June 4, 2019).  A judge in the United States District Court for the Western District of North Carolina agreed, finding that the highest sentence defendant could have received for the 1997 North Carolina convictions was eight months and, therefore, they were not "felony" drug offenses for purposes of the sentencing enhancement statute.  Id. at *6-7.  In 2019, the judge accordingly vacated defendant's life sentence and remanded the case for re-sentencing.  Id. at *7.

On September 18, 2018, more than twenty years after his 1995 conviction, defendant filed a pro se petition for PCR.  Following oral argument, Judge Dennis R. O'Brien issued a clear and cogent opinion from the bench denying defendant's request for an evidentiary hearing as well as his petition for PCR.  He found that defendant failed to demonstrate any basis to excuse the untimeliness of the application.  R. 3:22-12(a)(1)(A).  Judge O'Brien also concluded defendant's claims that his trial counsel was ineffective in failing to inform him of the immigration consequences of his conviction or potential sentencing enhancements in the event of future convictions were wholly without merit.

A-1237-19

On appeal, defendant raises the following arguments for our consideration:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISINFORMING HIM ABOUT THE DEPORTATION AND SENTENCING ENHANCEMENT CONSEQUENCES OF HIS CASE.

POINT II

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Where, as here, the PCR judge "did not hold an evidentiary hearing on the claim defendant now raises on appeal, we 'conduct a de novo review.'" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)); see also State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). The decision to proceed without an evidentiary hearing is

A-1237-19

reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To satisfy the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. To satisfy the second Strickland/Fritz prong, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome." Id. at 694.

Defendant's claims are unquestionably time-barred. Rule 3:22-12(a)(1)(A) states that a first petition for PCR shall not be filed more than five years after the judgment of conviction unless the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental

5

injustice." "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay."  State v. Milne, 178 N.J. 486, 492 (2004) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).  Defendant's sole argument, that he was unaware he could file a petition for PCR, is unavailing.  "Ignorance of the law and rules of court does not qualify as excusable neglect."  State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003).

Regardless, we also reject defendant's argument that his trial counsel was ineffective in failing to inform him of the immigration consequences of his conviction.  In 2009, our Supreme Court held that a defendant could show ineffective assistance of counsel by proving that his or her guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea."  State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009).  A year later, the United States Supreme Court clarified that counsel's duty is not limited to avoiding providing "false or misleading information," Nuñez-Valdéz, 200 N.J. at 138, but also includes an affirmative duty to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation, Padilla v. Kentucky, 559 U.S. 356, 368-69 (2010).  The United States Supreme Court, however, held that the rule announced in Padilla imposed a new

obligation and announced a new rule of law. Chaidez v. United States, 568 U.S. 342, 357-58 (2013). Consequently, the holding of Padilla would be applied prospectively and "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at 358. Defendant, who was convicted in 1995, seeks PCR relief based on the allegation his trial counsel did not inform him of the possibility of deportation. Defendant was not misadvised or given false information. Under pre-Padilla standards, defendant cannot satisfy the first Strickland prong.

We also conclude, as did the PCR judge, that trial counsel was not ineffective due to his alleged failure to advise defendant of the effect of the subject conviction on his sentencing for future crimes. See State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999) (holding there is no constitutional requirement that a defense attorney must advise a client that if he or she commits future criminal offenses there may be adverse consequences by way of enhancement of punishment).

Even viewing defendant's factual assertions in the light most favorable to him, he has failed to establish a prima facie case sufficient to warrant an evidentiary hearing. Therefore, the PCR judge did not abuse his discretion in denying defendant's request. See R. 3:22-10(b).

A-1237-19

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION