**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3161-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN M. CASTON,

     Defendant-Appellant.

_____

Submitted October 17, 2022 – Decided October 25, 2022

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Accusation No. 99-12-0692.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Steven Caston appeals from a January 15, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm the PCR determination and remand for correction of the judgment of conviction as discussed herein.

In 1999, Palmyra police responded to a residence after receiving an abandoned 9-1-1 call. The sixteen-year-old victim, along with three of her friends, were babysitting when defendant and his friend arrived at the residence with alcohol. Defendant, the victim, and others, consumed iced tea mixed with vodka and "some white pills," believed to be pain killers. The victim became intoxicated and, later that evening, defendant knocked her to the ground and attempted to kiss her on several occasions. She told police she obliged because "she thought that by doing so[,] he would stop bothering her." She repeatedly told defendant she was not interested in him and to leave her alone.

During the evening, the victim and defendant were in the bathroom, defendant removed her clothing while she was on the floor, and had sexual intercourse with her. She told him she did "not want to do this[,]" however, he continued until he rotated so she could be on top of him, at which point she escaped. The victim and her friends told defendant and his friend to leave, but

both men remained when police arrived. Police saw several black marks and small bruises on the victim's legs and arrested defendant.

At headquarters, police read defendant his Miranda[1] rights and proceeded to interview him. He claimed he went to the residence to provide one of the individuals marijuana, and they "were gonna chill." They were sharing a bottle of vodka, mixed with iced tea, and someone distributed muscle relaxants. Defendant claimed the victim commented, "I shouldn't be drinking around men because I love to have sex" and looked at defendant. Defendant told police he interpreted her look "as an invitation" not to have sex, but to hook up by kissing. However, as the evening progressed, he recalled going to a dark place, rubbing the victim's breast, and digitally penetrating her vagina. When police asked whether defendant had intercourse with the victim, he responded he could have had sex with her, but did not. He claimed "because of . . . the drugs and alcohol that were in effect . . . [he] was blacked out and . . . [could not] account for all of [his] actions."

The State charged defendant with second-degree sexual assault, pursuant to the statute in existence at the time, N.J.S.A. 2C:14-2(c)(1). In December

---

[1] 384 U.S. 436 (1966).

1999, he pled guilty[2] under a separate accusation to third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a).[3]  In exchange for the plea, the State agreed to dismiss the second degree charge, recommend 364 days in the Burlington County Jail as a condition of probation to run concurrent with a jail sentence defendant was serving in Camden County, 354 days of jail credit for time served, a TASC evaluation, random urine monitoring, and Megan's Law requirements.

Sentencing occurred in May 2000.  The State sought a sentence in accordance with the plea agreement.  The sentencing judge inquired what the State's understanding of the Megan's Law requirement was, and the prosecutor responded defendant's "got to register, [provide a] DNA sample and I think community supervision for life [(CSL)] applies as well."  Defense counsel responded he was unsure whether CSL applied.  The judge replied he was not proceeding "until we know whether it does or it doesn't . . . [and unless defendant] understands the ramifications of [CSL], which are very onerous, that that sentence is an illegal sentence, [and] can be set aside subject to [PCR]."

---

[2]  The plea proceeding transcript could not be located.

[3]  The judgment of conviction contains a typographical error because it states defendant's conviction was for the disorderly persons offense of lewdness, N.J.S.A. 2C:14-4(a).

Following a discussion, defense counsel agreed CSL applied and confirmed he had explained it to defendant. Counsel then asked defendant the following: "And I did explain to you . . . this [sentence] required . . . [CSL]?" Defendant responded "[y]es." Counsel further stated: "But I did explain . . . before we entered the plea that this is supervision, parole type supervision for life. You understood that?" Defendant responded "[y]es." Following further colloquy, the judge pronounced the sentence, including the CSL, and asked defendant: "Is there anything about the sentence that you don't understand?" Defendant responded "[n]o, sir."

In May 2019, defendant filed a pro se petition for PCR, supplemented by PCR counsel's brief. Defendant alleged plea counsel was ineffective by not explaining the following: 1) CSL and its conditions set forth in N.J.A.C. 10A71-6.11(b); 2) a potential extended term sentence if he violated CSL, by virtue of pleading guilty to fourth-degree aggravated sexual assault; and 3) the travel restrictions as a result of the CSL conditions. Although defendant filed for PCR nineteen years after his sentence, he argued the petition was not time barred because plea counsel coerced him into entering the plea, there was "a serious question as to his guilt as he indicated that he never forcibly penetrated the

victim's vagina[,]" and counsel failed to explain CSL, which constituted material issues.

Judge Christopher J. Garrenger issued a written opinion denying defendant's PCR petition. He concluded the CSL-related arguments were time barred and "could have been raised in prior proceedings." The judge found the fourteen-year-delay was unjustifiable, particularly because defendant "was convicted at least eight . . . times for violating . . . [CSL] from 2007 to 2015." Further, defendant's claim he was not informed by counsel about the travel restrictions associated with CSL was "not adequate to outweigh the fact that [defendant] failed to bring his claim several times over the past fourteen . . . years. If [defendant]'s claims were material and a substantiation of merit, he would have undoubtably brought such claims during the extended delay reflected in the record."

The judge found no basis to grant relief or order an evidentiary hearing even if defendant overcame the procedural bar. This was because plea counsel "negotiated an objectively favorable resolution" and the sentencing transcript

> strongly indicates that [defendant] understood the parameters of his sentencing at the time, that he must register with the appropriate state agencies[,] and that he would be subject to [CSL]. Furthermore, [defendant] did not object on the record to the terms to which he agreed upon. Finally, the court cannot find a

6

basis for [defendant]'s assertion that he was coerced into accepting the plea as the record reflects.

The judge found no evidence showing plea counsel's representation prejudiced defendant. Rather, defendant's delay prejudiced the State because "[a]lthough the sentencing transcripts are available, other pertinent forms are unavailable, which is attributed to [defendant]'s delay in bringing about his claim."

Defendant raises the following points on appeal:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY AFFIRMATIVELY MISADVISING HIM ABOUT THE RAMIFICATIONS OF [CSL] AND COERCING HIM INTO A GUILTY PLEA.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

7

A PCR court need not grant an evidentiary hearing unless "a defendant has presented a prima facie [case] in support of [PCR]." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that [their] claim will ultimately succeed on the merits." Ibid. The court must view the facts "in the light most favorable to defendant." Ibid. (quoting Preciose, 129 N.J. at 463); accord R. 3:22-10(b). If the PCR court has not held an evidentiary hearing, we "conduct a de novo review . . . ." State v. Harris, 181 N.J. 391, 421 (2004).

To establish ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, 466 U.S. at 687). Counsel's performance is evaluated with "extreme deference . . . requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Fritz, 105 N.J. at 52 (alteration in original) (quoting Strickland, 466 U.S. at 688-89).

To demonstrate prejudice, "'actual ineffectiveness' . . . must [generally] be proved . . . ." Ibid. (quoting Strickland, 466 U.S. at 692-93). Petitioner must show the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

The Supreme Court has stated:

> When a guilty plea is part of the equation, we have explained that "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; . . . and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (alteration in original).
>
> [State v. Nunez-Valdez, 200 N.J. 129, 139 (2009).]

Having considered defendant's arguments, we affirm substantially for the reasons expressed in the judge's opinion. We add the following comments.

As the judge noted, the record lacks objective evidence defendant was coerced into the plea by counsel. Similarly, the record does not support the claim defendant was uninformed or misinformed about CSL. Notwithstanding the absence of the plea transcript, the record contains copies of the plea forms

9

defendant signed, which memorialized his understanding of CSL. The relevant section of the forms reads: "Do you understand that if you are pleading guilty to the crime of . . . aggravated criminal sexual contact, . . . or an attempt to commit any such offense, the [c]ourt, in addition to any other sentence, will impose a special sentence of [CSL]?" Defendant circled "yes".

Furthermore, we reject defendant's argument there was grounds for PCR because he was unaware of the conditions set forth in N.J.A.C. 10A71-6.11(b); the possibility of an extended term for certain offenses; the travel restrictions; and being subject to a fourth-degree crime if he violated the conditions of CSL. We have stated a trial court is not obligated "to inform a defendant of all the details of CSL." State v. Jamgochian, 363 N.J. Super. 220, 227 (App. Div. 2003). Rather

> the court should at least assure itself that defense counsel has discussed the matter with his client and defendant understands the nature of [CSL] as the functional equivalent of life-time parole. If the trial court is aware that a particular aspect of a penal consequence needs clarification[,] then it should take the time to explain further.
>
> [Ibid.]

Here, the record shows plea counsel and the sentencing judge discussed CSL with defendant, and there was no need for further clarification of the issue.

We are convinced defendant fully understood "the nature of the charge and the consequences of the plea." R. 3:9-2.

Finally, defendant challenges the finding his petition was time barred, arguing the judge used the wrong standard to adjudicate his petition by holding "if defendant's claims had merit, he would have brought them earlier." Defendant argues he was never informed of his right to PCR; he had a viable claim of innocence; and raised colorable constitutional claims for ineffective assistance of counsel. We are unpersuaded.

As Judge Garrenger noted, a defendant seeking relief from the time bar under Rule 3:22-12(a)(1) must show excusable neglect and that a fundamental injustice will result from enforcement of the time bar. R. 3:22-12(a)(1)(A). To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Ibid. (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). "Ignorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div.

11

2002), aff'd, 365 N.J. Super. 82 (App. Div. 2003) (citing State v. Murray, 162 N.J. 240, 246 (2000)).

Defendant's judgment of conviction was entered on May 26, 2000. Therefore, he had until May 26, 2005, to file for PCR. R. 3:22-12(a)(1). As the judge noted, defendant did not explain the reasons for his delay in filing. Further, we are unconvinced the failure to inform defendant of the right to file for PCR at sentencing constituted excusable neglect, because when defendant was sentenced in 2000, the judge had no obligation to inform him of the PCR filing deadline. See R. 3:21-4(h), amended by R. 3:21-4(i) (2009).

Affirmed and remanded to correct the judgment of conviction to reflect the conviction is for third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION