**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.   A-2525-21
                         A-3189-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAWN M. SIMPSON, a/k/a
SEAN SIMPSON, SHAWN
A. SIMPSON, SHAWN
MELVIN ALEXANDER
SIMPSON, and MELVIN
SIMPSON, JR.,

     Defendant-Appellant.

_____

Submitted October 16, 2023 (A-2525-21) and November 13, 2023 (A-3189-21) – Decided January 31, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 03-04-0376, and Bergen County, Indictment No. 04-10-1974.

Joseph E. Krakora, Public Defender, attorney for appellant (John Vincent Molitor, Designated Counsel, on the briefs).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent in A-2525-21 (Leandra L. Cilindrello, Assistant Prosecutor, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent in A-3189-21 (K. Charles Deutsch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

We address two related appeals in a single opinion. Defendant Shawn Simpson, who is not a citizen of the United States of America, appeals from two March 9, 2022 orders denying his petitions for post-conviction relief (PCR) from two different convictions without an evidentiary hearing. Judge Ralph E. Amirata concluded defendant's PCR petitions were time-barred under Rule 3:22-12(a)(1), procedurally deficient under Rule 3:22-4(a) and Rule 3:22-5, and lacked merit. Having conducted a de novo review, we affirm both orders.

I.

Defendant's two PRC petitions involve convictions arising out of charges form two separate incidents, one of which occurred in Passaic County in 2003 and the other in Bergen County in 2004.

A. Passaic County Criminal Case

In February 2003, defendant and T.L., the mother of defendant's child, had a "heated argument in their home in Paterson, New Jersey."  During the argument, defendant allegedly strangled T.L. "by putting his hands around her neck and applying pressure" and "threatened to kill" her.  Their three-year-old child was present during the assault but was not injured.

In April 2003, defendant was indicted for third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4a; and third-degree terroristic threats, N.J.S.A 2C:12-3a and N.J.S.A. 2C:12-3b.

In September 2003, defendant pleaded guilty to third-degree terroristic threats in accordance with the terms of a negotiated plea agreement.

Before accepting defendant's plea, the trial judge questioned defendant regarding his citizenship.  Defendant gave sworn testimony that he was a citizen of the United States.  He further testified that he was born in Paterson, New Jersey.  Defendant's "circled '[N/A]'" in response to Question 17 that asked: "Do you understand that if you are not a United States citizen or national you may be deported by virtue of your plea of guilty?"

Defendant also testified that he reviewed the plea terms with plea counsel.  And he was satisfied with his attorney's services.  Lastly, defendant testified that

he was entering the guilty plea "freely and voluntarily" and "without force, threats, or coercion." He did not have any questions concerning the plea hearing. Satisfied with the responses, the judge accepted defendant's plea.

In October, the judge sentenced defendant to two years of probation, entered a no-victim contact order, ordered defendant to enter domestic violence counseling arranged by probation, and imposed various statutory fees. Defendant did not file a direct appeal.

Approximately eighteen years later, on February 9, 2021, defendant filed a PCR petition. Defendant claimed ineffective assistance of counsel because his attorney failed to advise him that entering a guilty plea could have immigration consequences. However, in defendant's unsigned certification submitted in support of his petition, he admitted that he was a citizen of Jamaica.

On October 22, 2021, defense counsel filed a second unsigned certification in support of defendant's petition. Defendant stated plea counsel was ineffective because counsel failed to advise him of deportation consequences, knew he was born in Jamaica and his parents were United States Citizens, and never addressed his citizenship status or referred him to an immigration attorney. Defendant also claimed that his "[N/A]" response to 17

should have "prompted" plea counsel to inquire about his immigration status and advise him regarding deportation.

B.    Bergen County

In July 2004, defendant was charged with seven theft offenses:  five counts of third-degree forgery, N.J.S.A. 2C:21-1(a)(3), and two counts of third-degree theft by deception, N.J.S.A. 2C:20-4.

In October 2007, defendant pleaded guilty in Bergen County to one count of third-degree theft by deception.  At the plea hearing, defendant testified that he was not a United States citizen.  He also testified that he understood an entry of a guilty plea could affect his immigration status and lead to deportation. Defendant circled "Yes" and "N/A" in response to Question 17 on his plea form. The plea form also included a handwritten notation, "advised to seek legal advice re: immigration issues."  Defendant admitted to discussing the immigration consequences with his counsel.  Plea counsel also represented to the court that she advised defendant that any crime "punishable by more than one year could potentially subject [him] to deportation."  When asked if he understood the consequences and still wanted to enter a guilty plea, defendant said, "Yes."

A-2525-21

Two months later, defendant was sentenced to three years of probation as a condition of time served with a reverse split of 364 days in jail, full restitution of $13,541.65 payable at a rate of $100 per month, and the remaining counts were dismissed pursuant to the terms of the negotiated plea agreement. Defendant completed probation on January 8, 2016. He did not file a direct appeal.

Thirteen years later, on March 9, 2021, defendant filed a PCR petition. In an unsigned and undated certification, defendant stated he was a Jamaican citizen, "coerced into accepting the plea as a juvenile," and "[n]either the Judge nor [his] attorney inform[ed him] that [he] was subject to mandatory removal for aggravated felony under Immigration and Nationality Act (INA) by accepting the plea for [theft by deception,] NJSA 2C:20-4."

Defendant's PCR counsel filed a supplemental certification on November 7, 2021. Defendant asserted that he was "misled" by plea counsel's advice that he would be deported "only if" he were sentenced to more than one year in jail. Based on plea counsel's advice, he "believed" he would not face deportation because that plea deal "called for either straight probation or probation with 364 days jail." Defendant claimed plea counsel advised him that "[he] would need

6

to consult an immigration attorney if an issue were to come up as a result of [his] plea."

Defendant further alleged that his theft by deception conviction was an aggravated felony, which subjected him to deportation, and that he would not have pleaded guilty had he known of the potential deportation. Lastly, defendant alleged that he learned immigration officials were investigating him based on his conviction "[a]round 2019 or 2020."

In two separate March 9, 2022 orders, Judge Amirata denied defendant's petitions in oral opinions accompanied by written orders. Central to both petitions, the judge concluded the petitions were "clearly" time-barred under Rule 3:22-12 and rejected defendant's contention that the exceptions contained in Rule 3:22-12(a)(1) applied. He further found the claims were barred by Rule 3:22-4(a) because defendant failed to raise the issues in a direct appeal, failed to demonstrate that the issues could not reasonably have been raised, and failed to demonstrate how "enforcement of the time-bar would not result in a fundamental injustice because . . . [he] sat on his rights to seek a remedy despite the contradictory statement[s] made during the plea offering[s]." See State v. Mitchell, 126 N.J. 565, 587 (1992). Lastly, the judge also determined that some

of defendant's claims were barred by Rule 3:22-5, having been previously adjudicated on the merits in prior proceedings.

Regarding the Passaic County guilty plea, the judge explained that defendant failed to show excusable neglect because he was made aware of the immigration consequences on the plea form and during the plea hearing. The judge rejected defendant's argument that he "recently became aware" of his "non-citizenship status" when agents were "at his home around 2019 or 2020" because it was contradicted by defendant's guilty plea entered in October 2007 in Bergen County. The judge likewise rejected defendant's argument that he was pressured into pleading guilty based on defendant's admission that he was satisfied with the services rendered by plea counsel.

In a separate oral opinion addressing the Bergen County plea, the judge rejected defendant's claim that he accepted the plea because he lacked knowledge of the immigration consequences. The judge similarly found defendant failed to show excusable neglect to relax the five-year rule because he (1) failed to provide any specifics regarding his trial counsel's alleged deficiencies and (2) "circled" and "initialed" the bottom of the plea form that he understood he would be deported if he was not a United States citizen. Moreover, the judge highlighted defendant's contradictory testimony that during

the Passaic County plea colloquy, he testified that he was a United States citizen. Based on the plea colloquy and the plea forms, the judge concluded "there was no evidence in the record that plea [c]ounsel mis[]advised defendant" regarding deportation.

Judge Amirata also noted defendant's pleas predated Padillo v. Kentucky, 129 S. Ct. 1317 (2009) and State v. Nunez-Valdez, 200 N.J. 129 (2009). The judge explained plea counsel was not required to give any advice about the deportation consequences of pleading guilty. Therefore, neither the Passaic nor Bergen County judge was not obliged to advise defendant of immigration ramifications based on his testimony and the law.

Finally, the judge noted that defendant failed to make a motion to withdraw his guilty plea. Nonetheless, the judge addressed the merits and determined defendant was not entitled to withdraw his plea under State v. Slater, 198 N.J. 145 (2009).

## II.

On appeal, defendant argues:

POINT I

THIS COURT SHOULD REVERSE THE LOWER COURT'S DECISION TO ENFORCE THE FIVE-YEAR TIME BAR BECAUSE THE DEFENDANT ESTABLISHED EXCUSABLE NEGLECT AND

RELAXATION OF THE TIME BAR IS IN THE INTERESTS OF JUSTICE.

POINT II

THIS COURT SHOULD REVERSE THE LOWER COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AND ORDER AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT III

THIS COURT SHOULD REVERSE THE LOWER COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE THE DEFENDANT ESTABLISHED HE WOULD NOT HAVE PLED GUILTY IF HIS ATTORNEY HAD NOT MISADVISED HIM ABOUT THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA.

We affirm substantially for the reasons set forth in Judge Amirata's thorough and cogent oral opinion, which addressed the procedural deficiencies and merits of defendant's PCR petitions. Accordingly, we need not re-address defendant's arguments at length. We add the following comments.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576, (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Post-conviction relief provides "a built-in

10

'safeguard that ensures that a defendant was not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). A petition for post-conviction relief is not a substitute for a direct appeal. State v. Mitchell, 126 N.J. 565, 583 (1992).

We apply a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). When petitioning for PCR, a defendant must establish entitlement to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (citing Preciose, 129 N.J. at 459).

Rule 3:22-12 prescribes the time limitations for filing first PCR petitions. Generally, the rule provides that "no petition shall be filed . . . more than [five] years after the date of the entry . . . of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). The five-year time limitation of Rule 3:22-12 runs from the date of the conviction or sentencing, whichever the defendant is challenging. State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

Here, defendant challenges the validity of his guilty pleas that resulted in his convictions. Defendant's PCR petition concerning the Passaic County plea

was filed in February 2021, nearly eighteen years after the 2003 conviction and sentence. Similarly, the PCR petition concerning the Bergen County plea was filed in March 2021, nearly thirteen years after the 2007 conviction and sentence. When measured from either the 2003 or the 2007 date, defendant's petitions are well beyond the five-year period for a first PCR petition. See R. 3:22-12(a)(1).

We are satisfied the judge properly weighed "the extent of the delay," "the purposes advanced by the five-year rule," "the nature of defendant's claim[,] and the potential harm . . . realized" by defendant. See State v. Murray, 162 N.J. 240, 251 (2000). The judge also considered the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits," State v. Norman, 405 N.J. Super. 145, 159 (App. Div. 2009). We agree with Judge Amirata that defendant's "[i]gnorance of the law and rules of court does not qualify as excusable neglect," State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd, 365 N.J. Super. 82 (App. Div. 2003) (citing Murray, 162 N.J. at 246). Nor does defendant's decision to "remain intentionally ignorant of . . . legal consequences" after entry of the plea in 2007 support a

finding of excusable neglect. State v. Brown, 455 N.J. Super. 460, 471 (App. Div. 2018).

Based on the record, we are persuaded defendant failed to make a prima facie showing of excusable neglect supporting the filing of his PCR petitions under the five-year time bar in Rule 3:22-12(a)(1)(A). We hold that defendant had no vested right to file two petitions wholly out of time, and therefore, the petitions were time-barred.

Rule 3:22-4(a)(2) permits the court to hear an otherwise barred claim if "enforcement of the bar . . . would result in fundamental injustice[.]" We agree with the judge's conclusions that defendant's claims are barred by Rule 3:22-4. Defendant could have raised his ineffective-assistance claims involving trial counsel on direct appeal. Yet, he elected not to do so. Therefore, we need not address defendant's claim that he was entitled to an evidentiary hearing.

Further, the transcripts of the plea proceedings did not support defendant's contention that the trial court failed to explain the plea or the immigration consequences of entering pleas. As such, these arguments warrant no further discussion. See R. 3:22-5. Defendant does not identify any new rule of constitutional law or other facts that would excuse his failure to raise these issues on a timely basis.

A-2525-21

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

14