**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4372-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM J. HEMPSTEAD, JR.,

     Defendant-Appellant.

_____

Submitted August 17, 2021 – Decided September 8, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 06-03-0576.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant appeals from an order denying his petition for post-conviction relief (PCR) following oral argument, but without an evidentiary hearing. We affirm because defendant's petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

I.

In 2005, defendant engaged in internet communications with a person he believed was a fourteen-year-old girl named Samantha. Defendant discussed performing and viewing sexual acts with Samantha. He eventually arranged to meet Samantha so that they could have sex. In reality, Samantha was a law-enforcement officer.

In March 2006, defendant was indicted for seven crimes, including second-degree attempted luring, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:13-6, and four counts of second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(4).

Two months later, defendant pled guilty to second-degree attempted luring. In exchange, the State agreed to recommend that defendant be sentenced in the third-degree range and all other charges be dismissed.

Before pleading guilty, defendant reviewed with his attorney forms explaining that he would be sentenced to parole supervision for life (PSL),

A-4372-19

N.J.S.A. 2C:43-6.4, and registration and restrictions under Megan's Law, N.J.S.A. 2C:7-2. During his plea colloquy, the judge reviewed with defendant those restrictions, including that PSL and Megan's Law may restrict "where you can live, work, travel or . . . persons you can contact." Defendant acknowledged that he had read all the plea forms, including the form explaining Megan's Law and PSL. Under oath, defendant confirmed that he understood each question on the forms, had reviewed his "plea and everything involved" with his plea with his attorney, and was satisfied with the representation provided by his attorney.

Defendant then admitted to the material facts establishing the elements of luring. The judge accepted defendant's guilty plea, finding that it was made voluntarily and with a "full understanding" of the charges and "the consequence[s] of the plea, and . . . after [a] full opportunity to consult with counsel."

On July 28, 2006, defendant was sentenced. In accordance with his plea agreement, defendant was sentenced to four years in prison followed by PSL. Defendant was also sentenced to registration and restrictions under Megan's Law. In June 2009, we affirmed defendant's sentence, but remanded so that the judgment of conviction could be amended to reflect that the correct penalty for defendant's sex offense was $750 instead of $1,000.

A-4372-19

In June 2019, almost thirteen years after defendant was sentenced, defendant, representing himself, filed a PCR petition. His principal contention was that his trial counsel had been ineffective in advising him of the "collateral consequences" of his plea. He contended that his counsel had not explained how his plea and PSL would affect "where I could live, work, businesses I could contact with, social media, [i]nternet, and being able to vote." Defendant claimed his trial counsel incorrectly told him his plea would not adversely affect his job as an electronic-service technician. Defendant also asserted that his counsel failed to adequately explain how a sex-offense conviction and PSL would make it difficult for him to find other employment.

Defendant was assigned PCR counsel, who filed supplemental papers on his behalf. On February 18, 2020, Judge Gary N. Wilcox heard oral argument on defendant's petition. In a written opinion and order dated April 17, 2020, Judge Wilcox denied the petition.

Judge Wilcox held that defendant's petition was time-barred because it was filed more than five years after defendant was sentenced. The judge rejected defendant's claim of excusable neglect based on his ignorance of his right to file a PCR petition. Judge Wilcox also found that defendant had failed to show that enforcement of the time-bar would result in a fundamental injustice. See R.

4

3:22-12(a)(1)(A) (precluding PCR petitions filed more than five years after entry of judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice").

In addition, Judge Wilcox examined the merits of defendant's petition but found that he had not made a prima facie showing of ineffective assistance of counsel. In that regard, the judge found that defendant had failed to establish either of the two necessary prongs. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense"); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). Consequently, Judge Wilcox found that defendant was not entitled to an evidentiary hearing because he had failed to establish a prima facie case and failed to provide certifications or affidavits demonstrating material factual disputes. See State v. Porter, 216 N.J. 343, 353 (2013); R. 3:22-10(b).

Addressing the first prong, Judge Wilcox reviewed the transcript of the plea and the plea forms and found that they rebutted defendant's contention that

he had not been advised of the consequences of his plea and PSL. Pointing to question 4(b)(2) of the supplemental plea form defendant had signed, Judge Wilcox noted that defendant had been expressly advised that he would face restrictions on "where [he] can live, work, travel or persons [with whom he] can connect."

Turning to the second prong, Judge Wilcox found that defendant had failed to show he would have rejected the plea deal and proceeded to trial even if he had been fully informed of the consequences. He pointed out that defendant faced seven counts, including five second-degree charges. The judge found that if defendant had proceeded to trial, he would have faced a much longer custodial sentence and that the mandatory restrictions under Megan's Law and PSL would have been imposed if he was convicted.

II.

On appeal, defendant repeats the arguments he made before Judge Wilcox. Specifically, he articulates his arguments as follows:

> POINT ONE – [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY AFFIRMATIVELY MISADVISING HIM ABOUT THE EMPLOYMENT CONSEQUENCES OF PAROLE SUPERVISION FOR LIFE.

A-4372-19

POINT TWO – THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

Having conducted a de novo review, we reject these arguments. See State v. Harris, 181 N.J. 391, 419 (2004) (explaining that appellate courts engage in a de novo review when the PCR court has not conducted an evidentiary hearing). The decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). We affirm essentially for the reasons explained by Judge Wilcox in his comprehensive written opinion. We add a few additional comments.

Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that when a first PCR petition is filed more than five years after the

7

entry of the judgment of conviction, the PCR court should examine the timeliness of the petition and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). Defendant claimed he had failed to file a timely petition because he was not aware of the five-year limitation for filing a PCR application. Ignorance of court rules, however, does not constitute excusable neglect. State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003).

Defendant also failed to show that the enforcement of the time-bar would result in a fundamental injustice. Significantly, defendant has never claimed that the admissions he made during his plea were not truthful.

Finally, the record establishes that defendant was advised that his plea and PSL would impose limitations and restrictions on his work. Defendant's contention that he was not advised that he would lose his specific job does not rebut the record and his own testimony that he fully understood the consequences of his plea and the restrictions of PSL and Megan's Law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4372-19