**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3064-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MANSFIELD CREIGHTON,

    Defendant-Appellant.

_____

Submitted September 12, 2022 – Decided September 15, 2022

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-09-3218.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the February 4, 2021 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 1983, defendant pled guilty to possession with intent to distribute a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1), and was sentenced to a term of probation. Following a jury trial in May 1994, he was convicted of an amended charge of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), third-degree criminal restraint, N.J.S.A. 2C:13-2, and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). On June 16, 1994, defendant was sentenced to an aggregate five-year term for these offenses.

In December 2019, more than twenty-five years after the 1994 judgment of conviction was entered, defendant filed his first petition for PCR. He asserted trial counsel from his 1994 jury trial was ineffective because his attorney "did not advi[se him] about the consequences [of his] immigration status." PCR counsel filed a supplemental brief, arguing trial counsel: misled defendant about the immigration consequences defendant faced if convicted; and failed to inform defendant about the penal consequences of a plea offer from the State. Further, PCR counsel contended defendant was entitled to an evidentiary hearing to address defendant's ineffective assistance of counsel (IAC) claims.

A-3064-20

Judge James L. Jukes heard argument on defendant's petition in January 2021. At that hearing, the State noted defendant did not plead guilty to the charges he faced in 1994, but instead went to trial, despite defendant's representation to the contrary. PCR counsel acknowledged defendant had no "documentation that . . . dated all the way back then . . . . [I]t's just basically his sworn testimony to me and to the court that . . . he was misinformed of the . . . plea." On February 4, 2021, Judge Jukes denied defendant's petition as time barred. Citing Rule 3:22-12(a)(1), he found defendant "has not presented any evidence to show excusable neglect nor any arguments to justify the delay."

Defendant presents the following arguments on appeal:

> POINT I
>
> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF PETITIONER'S RIGHT TO DUE PROCESS AND A FAIR TRIAL AND THE PETITION FOR POST-CONVICTION RELIEF SHOULD NOT BE BARRED FROM REVIEW BECAUSE OF PROCEDURAL ISSUES.
>
> A. INTRODUCTION.
>
> B. THE FAILURE TO ADVISE DEFENDANT OF THE IMMIGRATION CONSEQUENCES OF HIS ACTIONS.

3

## C. THIS PETITION FOR POST-CONVICTION RELIEF SHOULD NOT BE TIME-BARRED.

Having considered these arguments, we affirm, essentially for the reasons thoughtfully expressed by Judge Jukes in his cogent written opinion. We add only the following.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 402-21 (2004)). We review a PCR court's legal conclusions de novo. State v. Nash, 212 N.J. 518, 540-41 (2013) (citing Harris, 181 N.J. at 415-16). Further, we review a trial court's decision to deny a defendant's request for an evidentiary hearing under an abuse of discretion standard. State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000) (citing State v. Artis, 36 N.J. 538, 541 (1962)).

When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." O'Donnell, 435 N.J. Super. at 370 (citing State v. Preciose, 129 N.J. 451, 459 (1992)). A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary

4

hearing is required only when: a defendant establishes a prima facie case in support of PCR; the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record; and the court finds an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). To establish a prima facie case of IAC, a defendant must present legally competent evidence rather than mere "bald assertions." Cummings, 321 N.J. Super. at 170.

Pursuant to Rule 3:22-12(a)(1), a first petition for PCR must be filed within five years of the entry date of the challenged judgment of conviction. A defendant seeking relief from the time bar under Rule 3:22-12(a)(1) must show excusable neglect and that a fundamental injustice will result from enforcement of the time bar. R. 3:22-12(a)(1)(A). "Ignorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003) (citing State v. Murray, 162 N.J. 240, 246 (2000)). Additionally, a late petition may be considered if filed within one year from the date of discovery of the factual predicate on which relief is sought "if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(1)(B).

"[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Mitchell, 126 N.J. 565, 580 (1992). A procedural rule otherwise barring post-conviction relief may be overlooked to avoid a fundamental injustice where the deficient representation of counsel affected "a determination of guilt or otherwise wrought a miscarriage of justice." Nash, 212 N.J. at 546 (quoting Mitchell, 126 N.J. at 587 (internal quotations omitted)). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997) (citing Mitchell, 126 N.J. at 580).

Here, we are convinced defendant failed to satisfy his burden of establishing excusable neglect. Thus, we need not decide if enforcement of the time bar will result in a fundamental injustice. See State v. Brewster, 429 N.J. Super. 387, 399-401 (App. Div. 2013) (finding a seven-year delay beyond the five-year deadline, coupled with a three-year delay after defendant knew the consequences of his plea agreement "undercut[] a finding of excusable neglect and fundamental injustice.") (citations omitted). In reaching this result, we note

6

defendant freely admits, "[i]t was not until around 2000 that [he] was even aware of the changes to the immigration laws that made him immediately deportable." Yet his petition is devoid of any reasonable explanation justifying his failure to file for PCR until nineteen years after he made this discovery. Also, because defendant did not file his PCR petition within one year of finding out the factual predicate for his PCR petition, i.e., he was "immediately deportable," he is not entitled to relief under Rule 3:22-12(a)(1)(B).

Finally, even if defendant's PCR petition was not time barred, we would not conclude his trial counsel was ineffective. To establish an IAC claim, a defendant must satisfy the two-part test under Strickland v. Washington, 466 U.S. 668, 687 (1984), and show: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Accord State v. Fritz, 105 N.J. 42, 57-58 (1987).

A defendant satisfies the first Strickland prong by showing counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). The second component of Strickland is met by establishing "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."
Strickland, 466 U.S. at 694.

A strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689. And because prejudice is not presumed, "defendant must demonstrate 'how specific errors by counsel undermined the reliability' of the proceeding." State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

When defendant was tried in 1994, applicable professional norms did not require attorneys representing non-citizen criminal defendants to give immigration advice, but if they did, they could not give "wrong advice, followed by inaccurate and misleading information" about the possibility of deportation. State v. Gaitan, 209 N.J. 339, 373 (2012) (citing State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009)). Only in 2010 did the United States Supreme Court newly hold "correct" advice must be given about the possibility of deportation when the risk of deportation was "truly clear." Padilla, 559 U.S. at 369. It was later determined Padilla's new rule had prospective effect only, thereby depriving non-citizen defendants — like defendant here — of Padilla's holding if their

"convictions became final prior to Padilla." Chaidez v. United States, 568 U.S. 342, 358 (2013).

Thus, because defendant's convictions became final well before the decision in Padilla, and his petition is devoid of proof his trial counsel gave false or affirmatively misleading advice about defendant's risk of deportation if he was found guilty of, or pled guilty to, the charges he faced in 1994, defendant failed to satisfy prong one of the Strickland test. Defendant also failed to show any nexus between trial counsel's alleged errors and harm to the reliability of the 1994 trial. Accordingly, we are convinced the PCR judge correctly found the PCR petition was time barred and defendant was not entitled to an evidentiary hearing on his IAC claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION