**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2446-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARIO REYES,

     Defendant-Appellant.

_____

Submitted September 12, 2022 – Decided October 11, 2022

Before Judges Mawla and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 09-03-0485.

Joseph E. Krakora, Public Defender, attorney for appellant (Adam W. Toraya, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Colleen Kristan Signorelli, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Mario Reyes appeals from an October 22, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

## I.

We derive the following from the record. On November 8, 2008, defendant was at a club with his girlfriend when someone told him one of his friends had been in a fight. He saw his friend had bruises and blood on his face, and he gave him his shirt. He then saw someone strike a second friend in the head with a vase. He assisted the second friend into a car so he could seek medical attention. Defendant then saw yet another friend lying on the ground in the parking lot being assaulted by several men. Defendant asserts he attempted to intervene, but the men assaulting his friend came towards him. At that point, he pulled out a knife and stabbed one of the men.

Defendant was indicted for second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). Defendant entered a plea of guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). The State agreed to dismiss the remaining charges and recommended defendant be sentenced as a third-degree

offender to three years in state prison. On December 11, 2009, defendant was sentenced to three years in prison.

Defendant admitted he stabbed the victim with a knife and acknowledged during his plea colloquy he knew stabbing someone with a knife could cause serious bodily injury. Defendant further stated at his plea hearing that he understood that by pleading guilty he was going to be deported. The Department of Homeland Security and Immigration and Customs Enforcement subsequently deported defendant to El Salvador in August 2011, after serving his custodial sentence. He reentered the United States without permission sometime in 2012. In October 2017, defendant was indicted on one count of reentry of a removed alien, 8 U.S.C. § 1326. A federal court subsequently dismissed that indictment in July 2018. The Department of Homeland Security subsequently reinstituted proceedings against defendant and ultimately deported him again. Defendant filed a PCR petition on May 7, 2019, and the petition was denied by an order dated October 22, 2019. This appeal followed.

II.

Defendant raises the following points on appeal:

> POINT I
>
> THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] WITHOUT

AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

    A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR [PCR].

    B. THE PCR COURT ERRED IN FAILING TO GRANT DEFENDANT AN EVIDENTIARY HEARING TO SHOW THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

POINT II

THE COURT MISAPPLIED ITS DISCRETION IN APPLYING R. 3:22-12, AS A PROCEDURAL BAR AGAINST THE DEFENDANT'S FILING FOR [PCR].

Defendant argues the PCR court erred in denying him a hearing because his plea counsel did not properly advise him regarding the law of self-defense and told defendant self-defense was not available as a defense under New Jersey law. Defendant further submits the factual basis for his plea was insufficient for second-degree aggravated assault because he expressed to the judge he did not intend to inflict serious bodily injury.

The State counters the PCR petition is time-barred, and defendant did not demonstrate excusable neglect or a fundamental injustice to warrant relaxing the

4

rule. The State further argues the PCR court properly denied defendant's PCR petition because he did not establish a prima facie case of ineffective assistance of counsel. Although defendant argues the trial court never advised him about the five-year time bar to file a PCR petition, the State notes defendant failed to provide a transcript of the sentencing hearing or a certification from defendant indicating he was unaware of the five-year time bar. The State also notes defendant did not timely file his PCR when he reentered the United States for fear he would once again be deported, which is not a proper excuse for the late filing of the PCR.

The State contends defendant's arguments regarding ineffective assistance of counsel based on the lack of a proper investigation lacks merit because there is no indication what such investigation would have revealed, and defendant did not provide affidavits from any alleged witnesses. The State argues plea counsel had no duty to explain the difference between a second- and third-degree offense and the different deportation consequences. Instead, the only requirement was that plea counsel not provide false or inaccurate information regarding the charges to which defendant pled. The State further asserts defendant was denied asylum because the aggravated assault was "a particularly serious crime," not because it was a conviction for a second-degree offense.

 A-2446-19

The State argues defendant was well aware of the immigration consequences of his second-degree aggravated assault plea. The State notes that while the PCR application sets forth facts that could potentially support a claim of self-defense or defense of others, defendant's version of the facts has been known to him since the incident, and he has not provided a sufficient reason explaining the nine-and-a-half-year delay in bringing the PCR.

## III.

Where, as here, a PCR judge does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). The record here establishes defendant's PCR petition is time-barred and lacks substantive merit.

## A.

Rule 3:22-12(a)(1)(A) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice[.]" Our Supreme Court has stated "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time

A-2446-19

passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).  We have held that when a first PCR petition is filed more than five years after the judgment of conviction, the PCR court should examine the timeliness of the petition, and defendant must submit competent evidence to satisfy the standards for relaxing the rule's time restriction.  State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

Excusable neglect "encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition."  State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).  To determine whether excusable neglect is present, the court "should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  Ibid. (quoting Afanador, 151 N.J. at 52).

Defendant's claims are clearly time-barred.  Defendant's judgment of conviction was entered on December 11, 2009.  Pursuant to Rule 3:22-12, he had until December 11, 2014, to file his PCR petition.  Defendant filed his petition on May 7, 2019—well over four years too late.  Defendant asserts the

trial court did not inform him of the five-year time bar, but he failed to provide the sentencing transcript, and his certification does not reflect he was unaware of the time bar. Moreover, defendant returned to the United States in 2012, well within the five-year time limitation to file a PCR petition. Defendant's indication in his PCR application was that he was concerned about alerting government officials about his presence in the United States and that he was ignorant of the law. Those arguments are not persuasive. Otherwise, an individual in defendant's position could wait to file a PCR until he was again indicted for reentry. This would, in essence, extend the time to file a PCR petition indefinitely and make it optional, unless defendant faced a new charge that jeopardized his immigration status.

The five-year time bar was not designed to give defendant discretion as to when to file a PCR petition based on whether or not deportation proceedings or other charges were instituted against him. The purpose of the PCR five-year time bar "is to encourage defendants reasonably believing they have grounds for [PCR] to bring their claims swiftly and discourages them from sitting on their rights until it is simply too late for a court to render justice." State v. Cummings, 321 N.J. Super. 154, 165 (App. Div. 1999). It appears defendant would have never brought a PCR application if federal officials had not indicted him again.

Defendant's conduct does not establish excusable neglect. Lastly, his ignorance of the law is not persuasive because we have previously noted, "[i]gnorance of the law and rules of court does not qualify as excusable neglect [under Rule 3:22-12(a)(1)(A)]." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd, 365 N.J. Super. 82 (App. Div. 2003).

Furthermore, although defendant claims his plea counsel incorrectly advised he could not assert self-defense in the underlying matter, this does not establish excusable neglect. "Defendant cannot assert excusable neglect simply because he received inaccurate . . . advice from his defense counsel." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (citations omitted). "If excusable neglect for late filing of a petition is equated with incorrect or incomplete advice, long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run." Ibid. Here, defendant was aware of the facts surrounding this incident for well over nine years and, despite the purported inaccurate advice, failed to take any action until well past the time permitted. Under the totality of the circumstances, defendant has failed to establish excusable neglect. Additionally, the remaining claims fail to establish a fundamental injustice.

B.

Defendant is unable to demonstrate how enforcement of the time bar would result in a reasonable probability of fundamental injustice, as he did not demonstrate a prima facie case of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, a defendant must make those showings by presenting more than "bald assertions" that they were denied the effective assistance of counsel. Cummings, 321 N.J. Super. at 170.

We are not persuaded by defendant's argument his plea counsel erred in failing to conduct a proper investigation. Because defendant did not provide affidavits from any witnesses who would purportedly assist his defense, there is no indication what knowledge, if any, these witnesses possess. There is also no indication what the video surveillance may have shown, if there was in fact any video surveillance at the facility, that counsel could have requested and secured. Moreover, it is not clear how it would have assisted defendant's case if the attorney had tested his shirt for blood. Defendant admitted he would have had blood from one friend on his shirt and further admitted he stabbed the victim. The presence of blood, or lack thereof, from either of these individuals would not appear to have impacted the outcome of this matter, and there was no explanation how that alleged deficient performance of plea counsel prejudiced the defense.

Defendant's argument regarding plea counsel's failure to advise him he only would be subject to deportation if he pled guilty to a second-degree aggravated assault—as opposed to a third-degree offense—is equally unavailing. Plea counsel is required to provide a non-citizen defendant sufficient information regarding immigration consequences of a guilty plea. See State v. Nuñez-Valdéz, 200 N.J. 129, 140, 143 (2009). "[W]rong or inaccurate

advice from counsel about the immigration consequences, and specifically deportation, that would result from entry of a guilty plea, present[s] ineffective assistance of counsel." State v. Gaitan, 209 N.J. 339, 361 (2012). Nuñez-Valdéz was the applicable law at the time of defendant's plea.[1] The Nuñez-Valdéz Court held there may be ineffective assistance of counsel where the advice given to a defendant regarding the removal consequences of a guilty plea is false, or inaccurate and affirmatively misleading, such as where counsel tells a defendant there will be no immigration consequences when pleading to an offense that is indeed presumptively deportable. Gaitan, 209 N.J. at 381; Nuñez-Valdéz, 200 N.J. at 140-43.

Here, there is no such allegation. Defendant was aware of the deportation consequences of his plea. Defendant admitted during the plea colloquy he understood he would be deported based on the charge. Defendant asserts plea counsel essentially was obligated to discuss other plea scenarios when there is no indication there were other plea options available. Nuñez-Valdéz provides that counsel must inform defendant of the removal consequences of a guilty plea

---

[1] See Gaitan, 209 N.J. at 373-74, holding the Padilla v. Kentucky standard does not apply retroactively. 559 U.S. 356, 368-69 (2010) (stating counsel has an affirmative duty to correctly advise a defendant of the risk of deportation where the terms of the relevant immigration statute are "succinct, clear, and explicit in defining the removal consequence" of a plea).

that are not false, inaccurate, and affirmatively misleading. Ibid. Here, it is not clear, as alleged, that even if defendant pled to a third-degree offense, it would have impacted his deportation status, and he has not provided controlling authority in this regard. Moreover, even if defendant would not have been deported by pleading to a third-degree aggravated assault, it would not alter our decision. If defendant had pled guilty to a first-degree crime, would plea counsel have to explain the deportation implications of pleading to a second-, third-, and fourth-degree offense when there is no indication in the record that such a plea was even a possibility? What about the deportation options for completely different charges? We determine under the facts in this case there was no such obligation for plea counsel to advise defendant regarding every possible hypothetical scenario, particularly when there is no indication pleading to a lesser or different offense was even an option. That is not the standard.

Finally, we are satisfied defendant's argument with respect to his plea colloquy is not persuasive. Defendant admitted he stabbed the victim. He then indicated he did not intend to commit serious bodily injury when he stabbed the victim. Defendant subsequently admitted he was in possession of a knife, cut the victim with his knife, and understood that by stabbing someone in a fight, he could have caused serious bodily injury. Defendant did not claim

contemporaneously that he was innocent or that he was somehow acting in self-defense. Defendant further reiterated that he wished to plead guilty and that he was actually guilty of the charge.

In State v. D.D.M., the Court recognized that under some circumstances, a court's sentence based on the acceptance of a guilty plea without a factual basis may render the sentence illegal. 140 N.J. 83, 95 (1995) (citing State v. Mitchell, 126 N.J. 565 (1992)).[2] However, in the context of a PCR application, a trial court's failure to spell out the factual basis of a defendant's plea does not necessarily constitute an improper acceptance of the guilty plea sufficient to invalidate his conviction. The D.D.M. Court noted that as long as the guilty plea is knowing and voluntary, "a court's failure to elicit a factual basis for the plea is not necessarily of constitutional dimension," and a factual basis is only constitutionally required when there is an indication of a contemporaneous claim

---

[2] Compare D.D.M., 140 N.J. at 95 (denying PCR, holding "the trial court's failure to spell out the factual basis of defendant's plea did not, under the circumstances, constitute an improper acceptance of the guilty plea sufficient to invalidate his conviction and to render his sentence illegal"), with State v. Belton, 452 N.J. Super. 528, 540-41 (App. Div. 2017) (granting PCR where the defendant provided an inadequate factual basis coupled with a contemporaneous claim of innocence, consisting of a defense of others).

of innocence. <u>D.D.M.</u>, 140 N.J. at 95. There was no contemporaneous claim of innocence to warrant relief here.[3]

To the extent we have not otherwise addressed defendant's arguments, they lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] The Court in <u>State v. Tate</u> distinguished <u>Mitchell</u>. 220 N.J. 393, 407-08. However, in applying the requirement of an adequate factual basis, the Court emphasized that <u>Tate</u>, unlike <u>Mitchell</u>, involved a motion to vacate a plea before or shortly after sentencing, not a request for PCR. <u>Id.</u> at 407; <u>see also</u> <u>State v. Campfield</u>, 213 N.J. 218 (2013) (addressing necessity of factual basis on direct appeal). Also, in recognizing that "[c]hallenges to the sufficiency of the factual basis for a guilty plea" may be brought "on post-conviction relief," the Court in <u>State v. Urbina</u>, 221 N.J. 509, 528 (2015), cited <u>D.D.M.</u> As noted, <u>D.D.M.</u> restated the principle in <u>Mitchell</u> that "[a]s long as a guilty plea is knowing and voluntary, . . . a court's failure to elicit a factual basis for the plea is not necessarily of constitutional dimension and thus does not render illegal a sentence imposed without such a basis." 140 N.J. at 95 (quoting <u>Mitchell</u>, 126 N.J. at 577). We therefore presume this statement in <u>Mitchell</u> retains vitality.

15

A-2446-19