**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3831-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HORACE BRANCH,
a/k/a BENJAMIN BRANCH,
HORACE S. BRANCH, TONY
BROWN, TONY HUFF, and
PHIL BLEVINS,

     Defendant-Appellant.

_____

> Submitted June 1, 2026 – Decided June 22, 2026
>
> Before Judges Sabatino and Walcott-Henderson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 87-07-3091 and 93-12-4344.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Kayla E. Rowe, Designated Counsel, on the brief).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Margaret Myaskovskaya, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Horace Branch appeals from a June 19, 2024 order, denying his petition for post-conviction relief ("PCR") asserting ineffective assistance of counsel filed approximately thirty-two years following his conviction for first-degree robbery. Defendant presently argues (1) excusable neglect as a basis for the late of his petition; (2) ineffective assistance of plea counsel for advising him to plead guilty to first-degree robbery in 1993;[1] and (3) entitlement to an evidentiary hearing. Discerning no error by the PCR court in rejecting defendant's PCR petition as untimely, we affirm.

## I.

Because the facts of defendant's case have been exhaustively discussed in several of our prior opinions following his direct appeal and prior PCR petitions, we need not repeat them at length here.[2] We limit our discussion to those facts

---

[1] The plea followed defendant's successful appeal of his conviction for the same charge, in which we reversed and remanded for retrial.

[2] See State v. Branch, 155 N.J. 317 (1998);

State v. Branch, No. A-5857-89 (App. Div. June 11, 1993);

necessary to provide proper context for our determination of the issues presently before us.

In 1987, defendant was charged by an Essex County Grand Jury with first-degree robbery, N.J.S.A. 2C:15-1. After a jury trial, defendant was found guilty on April 19, 1990, and sentenced as an "extended persistent offender" to fifty years' incarceration, with sixteen years and eight months of parole ineligibility on May 7, 1990. Defendant appealed and we remanded the matter for a new trial on June 11, 1993, concluding that the jury did not specify the degree of the crime for which defendant was found guilty. See State v. Branch, No. A-5857-89 (App. Div. June 11, 1993) (additionally finding that prosecutorial misconduct warranted a new trial).

On remand, defendant pleaded guilty to the first-degree robbery charge in exchange for five-years' time served. He was sentenced and released the same day. Approximately two months later, in December 1993, another grand jury

---

State v. Branch, 301 N.J. Super. 307, 332-33 (1997);

State v. Branch, No. A-2647-05 (App. Div. May 2, 2007);

State v. Branch, No. A-5153-07 (App. Div. July 29, 2009) certif. denied, 200 N.J. 505 (2009);

State v. Branch, No. A-2055-20 (App. Div. Apr. 11, 2023).

returned a new indictment charging defendant with first-degree robbery, first-degree felony murder, first-degree murder, and other offenses.

Approximately one year later, a jury convicted defendant of felony murder, aggravated manslaughter, and related weapons offenses. Defendant appealed and we upheld the conviction. State v. Branch, 301 N.J. Super. 307, 332-33 (1997). Our Supreme Court, however, reversed the felony murder conviction, but upheld the aggravated manslaughter and other charges. State v. Branch, 155 N.J. 317, 319 (1998). The Court left for resolution by PCR the question "whether the trial counsel failed to perceive the passion/provocation defense as relevant to these circumstances or declined as a matter of strategy to cloud the issues by having it suggested that the client acted intentionally but with provocation." Branch, 155 N.J. at 330.

Defendant was resentenced on October 29, 1999, and he appealed thereafter. The State conceded that there had been sentencing errors, including an illegal sentence on a specific count, and that "no reasons had been provided for imposing consecutive terms, and no hearing had been conducted to determine whether defendant was a second-time Graves Act offender." Id. slip op. at 3-4; see also N.J.S.A. 2C:43-6(c).

Following appeal but before resentencing, defendant filed a pro se petition for PCR, which was denied.[3]  See Branch, No. A-5153-07 (slip op. at 2). Defendant appealed the denial of his PCR, and we determined his sentence was not excessive and the sentencing court was well within its discretion to impose such a term.  Branch, No. A-2647-05 slip op. at 7.  However, we remanded the matter to conduct an evidentiary hearing on the issue of "whether defendant was denied effective assistance of trial counsel based on counsel's failure to request the trial court to instruct the jury on passion/provocation manslaughter," as instructed by the Supreme Court in Branch, 155 N.J. at 330.  See id. slip op. at 9.  We additionally concluded:

> [W]e are satisfied the judge's reason for imposing a discretionary extended term on the conviction for first-degree aggravated manslaughter.  N.J.S.A. 2C:44-3. The imposition of the sentence was not an abuse of discretion, with defendant having four adult prior convictions occurring on separate occasions, with the last one being within ten years of the current offenses for which he was being sentenced.  N.J.S.A. 2C:44-3(a).  We are also satisfied with the judge's explanation for imposing consecutive sentences on [c]ounts Six, Seven, Nine, and Ten.  State v. Yarbough, 100 N.J. 627, 644, (1985), cert. denied, 475 U.S. 1014 (1986).
>
> [Id. slip op. at 20-21.]

---

[3] Defendant's PCR petition is not part of the record before us.

A-3831-23

However, the matter was remanded to the trial court, and not the PCR court, for an evidentiary hearing to determine whether defendant's counsel was ineffective "based on counsel's failure to request the trial court to instruct the jury on passion/provocation manslaughter," as articulated by our Supreme Court. Id., slip op. at 25 (citing Branch, 155 N.J. at 330).

On January 26, 2018, defendant filed a pro se motion to correct an alleged illegal sentence, arguing our remand constituted an acquittal of his first-degree robbery charge, and his subsequent first-degree robbery plea is barred under double jeopardy. The motion was denied on May 11, 2018. He again moved for PCR on August 14, 2018, again asserting double jeopardy.

On March 24, 2020, the PCR court denied defendant's petition without an evidentiary hearing or oral argument, finding:

> The [defendant's] misunderstanding is that the Appellate Division opinion did not say that [defendant] could not be convicted of first-degree robbery but that because of the unclear verdict sheet and colloquy when taking the verdict it could not be sure that the jury did convict him of first-degree robbery. [Defendant] received the benefit of that doubt. The panel was certain, however, that the jury did convict the defendant of robbery and so stated.
>
> [(Emphasis in original).]

Defendant appealed and on April 11, 2023, we vacated the order and remanded the PCR for reconsideration and oral argument. See State v. Branch, No. A-2055-20 (App. Div. Apr. 11, 2023).[4]

On remand, the PCR court held oral argument and denied the petition without an evidentiary hearing on June 19, 2024. The court found defendant's petition time-barred as defendant had not shown excusable neglect, and further that defendant did not establish a prima facie case of ineffective assistance of counsel as his plea and sentence to time served was beneficial to defendant.

Defendant appealed, raising the following points for our consideration:

Point I:

THE PCR COURT INAPPROPRIATELY DISREGARDED THE CERTIFICATIONS FILED BY [DEFENDANT] AND [WASHINGTON] ABOUT THE EXCUSABLE NEGLECT ISSUE WITHOUT HOLDING A FULL HEARING TO PROPERLY ASSESS THE GENUINE ISSUE OF MATERIAL FACT AS TO THE EFFECT OF MR. WASHINGTON'S ADVICE ON [DEFENDANT].

---

[4] Defendant argued the court should not have found his PCR petition to be time-barred because of the repeated failures of the criminal justice system to advise him of his PCR rights such that he could exercise them in a timely manner; justice demands oral argument; he was entitled to an evidentiary hearing; and plea counsel was ineffective in advising him to plead guilty to the first-degree robbery charge, which he had gotten reversed and to accept an illegal sentence, pertaining to the 1993 plea.

Point II:

PLEA COUNSEL WAS INEFFECTIVE IN ADVISING [DEFENDANT] TO PLEAD GUILTY TO FIRST-DEGREE ROBBERY.

Point III:

AT A MINIMUM, [DEFENDANT] WAS ENTITLED TO A FULL EVIDENTIARY HEARING ADDRESSING THE TIME-BAR ISSUE AND THE MERITS.

## II.

We review de novo the trial court's legal conclusion that defendant's PCR petition is procedurally barred. State v. Harris, 181 N.J. 391, 419 (2004); see also Manalapan Realty, Ltd. P'ship v. Twp. Comm., 140 N.J. 366, 378 (1995) ("[a] trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special deference"). If a petition for PCR is timely filed, procedurally sound, and denied without an evidentiary hearing, we review the order de novo. Harris, 181 N.J. at 421 (2004).

To succeed on a claim of ineffective assistance of counsel, a defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not

8

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687.  Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness."  Id. at 688.  A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694.

The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea.  State v. Gaitan, 209 N.J. 339, 350-51 (2012).  To establish the prejudice prong in the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial."  State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  To that end, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

The time in which a PCR petition must be filed is controlled by Rule 3:22-12, which states, in relevant part:

[N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to <u>Rule</u> 3:21-5 of the judgment of conviction that is being challenged unless:

(A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]

[<u>State v. Walker</u>, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing <u>R.</u> 3:22-12(a)(1)(A)).]

Excusable neglect requires a showing of "compelling, extenuating circumstances," <u>State v. Milne</u>, 178 N.J. 486, 492 (2004) (quoting <u>State v. Afanador</u>, 151 N.J. 41, 52 (1997)), or alternatively, "exceptional circumstances . . . . " <u>State v. Murray</u>, 162 NJ. 240, 246 (2000) (citing <u>State v. Mitchell</u>, 126 N.J. 565, 580 (1992)).

Before us, defendant principally argues he satisfies the excusable neglect standard as a result of "outright incorrect, confusing, and nonsensical advice about pursuing PCR and federal-court remedies" from "a fellow inmate who worked in the Inmate Legal Assistance program," and "[t]he plea court, the prosecutor, and plea counsel all failed to advise [him] of his right to pursue post-conviction relief at the robbery sentencing." Defendant submits an affidavit from the inmate paralegal which certifies the paralegal told defendant he "can't

have two things in the federal courts and States courts at the same time," and the paralegal was "wrong for giving [defendant] that information."

The PCR court found this argument unavailing, stating:

> "[i]gnorance of the law and rules of court does not qualify as excusable neglect." State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003); accord State v. Jackson, 454 N.J. Super. 284, 295 n.6 (App. Div. 2018). "The concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." [State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009)] . . . . If the petitioner fails to allege sufficient facts, the rule bars the claim. [Mitchell, 126 N.J. at 576]. A defendant's lack of sophistication in the law does not relax the time-bar. [Murray, 162 NJ. at 246].

As a preliminary matter, we reject defendant's argument the PCR court erred in failing to find he satisfied the excusable neglect standard based on the alleged incorrect legal advice he received from a fellow inmate who provided him with legal advice. Defendant's efforts to equate advice provided by a fellow inmate, irrespective of the inmate's affiliation with the prison's legal assistance program, to that of legal counsel is wholly unpersuasive and unavailing. Defendant offers no legal authority by which we may conclude the PCR court erred in this regard as the cases cited by defendant, addressing excusable neglect based on incorrect legal advice pertain to legal counsel, not anyone who

11

provided incorrect legal advice. Defendant's fellow inmate is not a licensed attorney.

Moreover, "a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require the rule's time restrictions pursuant to Rule 3:22-12. And, absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim." State v. Marolda, 471 N.J. Super. 49, 62 (App. Div. 2022) (quoting State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018)). Additionally, our Supreme Court has emphasized the importance of the timely filing of a PCR, stating:

> There are good reasons for [Rule 3:22-12]. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigating.
>
> [Brown, 455 N.J. Super. at 470 (quoting Mitchell, 126 N.J. at 575-76) (additionally quotations omitted).]

We similarly reject defendant's contention the plea court, prosecutor, and plea counsel all failed to advise him of his right to pursue post-conviction relief

12

at the robbery sentencing, and thus, relaxation of the rule is warranted. We note that the passage of more than twenty years may have dulled defendant's memory regarding the filing of a prior PCR. However, the record demonstrates defendant had actual notice of the PCR time bar as early as July 2009, if not as of 2005, when we explicitly referenced Rule 3:22-12(a) in our prior opinion.

In our 2009 opinion, we reversed in part and remanded defendant's appeal of a prior PCR petition, on largely the same basis, noting that:

> [W]e [were] satisfied that none of the arguments are of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). The issues presented are time barred, having been raised more than fourteen years post conviction. R. 3:22-12(a). Although the rules permit an exception where the delay "was due to defendant's excusable neglect," no such showing has been made here. Ibid. The rule may also be relaxed to prevent injustice. R. 1:1-2 (permitting relaxation of a rule "if adherence to it would result in an injustice"). In determining whether to relax the rules, the court must "'consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim.'" [DiFrisco, 187 N.J. at 168] (quoting [Afanador, 151 N.J. at 52]). Defendant has failed to meet this standard.
>
> [Branch, No. A-5153-07 (slip op. at 7-8) (emphasis added).]

A thorough reading of defendant's lengthy trial and appellate record evinces that defendant had filed at least one PCR petition, and thus, we are satisfied that

having previously availed himself of that opportunity in the past, defendant cannot now claim to have been unaware that such a right existed. Moreover, as of the 2009 opinion, defendant was equally aware of the temporal bar imposed by Rule 3:22-12(a). Thus, defendant's assertion that he only learned of the time bar in 2018 is contradicted by the record, and his 2018 PCR petition is untimely.

Lastly, defendant claims entitlement to an evidentiary hearing, however, a hearing is warranted only if a prima facie case of ineffective assistance is established and material facts lie outside the record. See State v. Preciose, 129 N.J. 451, 462 (1992); State v. L.G.-M., 462 N.J. Super. 357, 364-65 (App. Div. 2020). As defendant's petition is untimely, the PCR court did not abuse its discretion in denying a hearing.

Accordingly, having filed his PCR petition approximately thirty-two years post-conviction by way of plea to first-degree robbery, the court properly found his PCR petition untimely. Defendant's remaining substantive challenges to his conviction are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3831-23